PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELODY EATON-HOLT, | ) |
|       Plaintiff, | ) CASE NO. 4:17CV2538 |
| v. | ) JUDGE BENITA Y. PEARSON |
| YOUNGSTOWN METROPOLITAN HOUSING AUTHORITY, *et al.*, | ) **MEMORANDUM OF OPINION AND ORDER** |
|       Defendants. | ) [Resolving ECF No. 2] |

*Pro Se* Plaintiff Melody Easton-Holt filed this action against the Youngstown Metropolitan Housing Authority, Attorney Robert Christian, and Dorothy Henry. The Complaint (ECF No. 1) is largely incoherent. She does not include any legal claims, nor does she specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

## I. Background

Plaintiff's handwritten Complaint (ECF No. 1) is difficult to follow. She states Henry slipped a note under her door "claiming cellphone harassment . . . in Vancouver, Washington." Plaintiff indicates she called Christian's secretary to tell him about the note, but the secretary told her Christian was busy. She states she left the building, was handed a greyhound bus ticket, and was pushed on the bus. Plaintiff claims she was robbed when she got off of the bus. ECF No. 1 at PageID #: 2. She states she telephoned two individuals after she identified Anthony Sahlwell

(4:17CV2538)

as the assailant who ran around her old house and threatened her. Plaintiff suggests her children were kidnaped, and states someone attempted to steal her mail in Oregon. She indicates someone robbed a federal bank and abducted and murdered a bank clerk. Plaintiff appears to suggest this occurred to give her identification to a female felon who is at large for smuggling heroin. ECF No. 1 at PageID #: 3.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and

2

(4:17CV2538)

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

(4:17CV2538)

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in the case at bar. Plaintiff indicates she resides in Ohio. She names the Youngstown Metropolitan Housing Authority, an Ohio agency, as a Defendant. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties, so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 76 Fed.Appx. 644, 645 (6th Cir. 2003). Furthermore,

4

(4:17CV2538)

Plaintiff does not specify her damages.  Thus, she fails to establish the amount in controversy.  Federal subject-matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.  Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  Indeed, this standard of liberal construction "requires active interpretation . . . to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976)).  Even with that liberal construction, however, the Court is unable to identify a federal claim on the face of the Complaint (ECF No. 1) and Plaintiff does not reference a federal cause of action.  Jurisdiction cannot be based on the presence of a federal question.

### IV.  Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


July 31, 2018                          */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                                 United States District Judge